**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

March 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1497** (Mercer County 12-F-216 and 12-F-267)

**Melvin Romeo,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Melvin Romeo, by counsel Timothy R. Lupardus, appeals the August 20, 2012, order of the Circuit Court of Mercer County sentencing him to two consecutive terms of one to three years in the penitentiary following his guilty pleas to two felony offenses in unrelated cases. Respondent State of West Virginia, by counsel Christopher S. Dodrill, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural History

Petitioner appeals the circuit court's sentencing order following his guilty pleas to two unrelated felonies. In circuit court case number 12-F-216, the Mercer County Grand Jury indicted petitioner for the felony offenses of obtaining money by false pretenses (Counts 1 and 2) and worthless check (Count 3). In circuit court case number 12-F-267, petitioner was charged by a single-count information with attempt to commit the felony offense of obtaining money by false pretenses.

On August 20, 2012, with the advice of counsel, petitioner entered guilty pleas to the offense of attempting to commit a felony, a lesser-included offense of the worthless check charge alleged in Count 3 of the indictment in case number 12-F-216, and to attempt to commit a felony (obtaining by false pretenses) as charged in the information in case number 12-F-267.[1]

Specifically, Count 3 of the 12-F-216 Indictment alleged that

---

[1]Petitioner entered the guilty pleas pursuant to an August 15, 2012, plea bargain agreement proposed by his then-counsel, agreed to by the prosecuting attorney, and signed by petitioner on August 18, 2012.

1

[O]n or about the 22nd day of October 2007, in the County of Mercer, State of West Virginia, MELVIN ROMEO committed the offense of 'Worthless Check' by unlawfully and feloniously delivering check no. 1126, drawn on the account of Melvin L. Romeo, in the amount of $1,000.00, on Wood Forest Bank, to Melvin Cox and attempting to obtain real estate in return, when he knew at the time of delivery of said check that he did not have sufficient funds on deposit in the Wood Forest Bank, with which to pay said check, against the peace and dignity of the State.

The attempt to commit a felony charge in Information 12-F-267 alleged that petitioner attempted to obtain money by false pretenses on December 14, 2008. The circuit court accepted petitioner's guilty plea to the two charges and sentenced him to two consecutive terms of one to three years in the penitentiary. He received 173 days of credit for time served. Importantly, petitioner never moved to dismiss either charge; he did not object in any respect at the August 20, 2012, plea and sentencing hearing; and, he did not enter his guilty plea conditionally so as to preserve any issue for appeal to this Court.

On September 10, 2012, petitioner, pro se, filed a motion in the circuit court requesting additional credit for time he served in the penitentiary in Virginia on a different charge. Petitioner contended that on May 10, 2011, while serving his Virginia sentence, he filed a request pursuant to the Interstate Agreement on Detainers with respect to his pending charges in West Virginia. Petitioner requested credit from May 10, 2011, to September 14, 2011, the date on which the Mercer County Prosecuting Attorney elected not to have petitioner extradited on the West Virginia charges. By order entered on September 24, 2012, the circuit court denied petitioner's motion for additional credit for time served in Virginia. In its ruling, the circuit court stated that "[t]here is no provision under the law which entitles the Defendant to time served while incarcerated in another state for other charges, despite the detainer lodged against him from this jurisdiction."

Thereafter, on October 22, 2012, petitioner, pro se, filed a petition for writ of mandamus with this Court seeking to compel the circuit court to partially vacate his August 20, 2012, sentence following his guilty plea. Petitioner alleged that the State breached a prior plea agreement by indicting him on the worthless check charge (Count 3 of 12-F-216 Indictment). In support of his petition, petitioner alleged that on November 27, 2008, while he was on probation in West Virginia for another charge, his probation officer filed a petition to revoke his probation alleging, among other things, that "[o]n or about October 18, 2007, [petitioner] entered into an agreement to purchase parcels of property from a Melvin Cox for $1,000. [Petitioner] issued Mr. Cox a check from his personal account in the amount of $1,000, which was returned for insufficient funds." On January 17, 2008, petitioner entered into a plea agreement whereby the State agreed not to prosecute petitioner "for any acts now known by the State or alleged in the instant revocation petition[.]" Petitioner contended in his petition for writ of mandamus that the conduct for which he pled guilty and was sentenced on August 20, 2012, is the same conduct that the State agreed not to prosecute in the 2008 plea agreement, despite the fact that Count 3 of the 12-F-216 Indictment refers to conduct occurring on October 22, 2007, not October 18, 2007.

2

By letter dated November 2, 2012, this Court informed petitioner that it declined to docket his petition for writ of mandamus as the issues he raised therein are more appropriate for consideration on appeal. This appeal followed.

**Discussion**

Petitioner raises three assignments of error in his appeal. First, he argues that, with respect to case number 12-F-216, the circuit court erred in permitting the State to prosecute and eventually accept a plea to a charge that the State had promised would not be prosecuted pursuant to a prior plea agreement in 2008. Petitioner's argument must fail because the worthless check charge set forth in Count 3 of the 12-F-216 Indictment is not the same offense that the State agreed not to prosecute in the prior plea agreement. Although both offenses allege that petitioner wrote a worthless check, Count 3 of the 12-F-216 Indictment involves a check written on October 22, 2007; however, the offense referenced in the 2008 plea agreement occurred on October 18, 2007.

In his second assignment of error, petitioner argues that, with respect to case number 12-F-267, the circuit court erred in allowing the prosecution and eventual entry of a guilty plea to the charge in violation of the Interstate Agreement on Detainers Act ("IADA"), W.Va. Code § 62-14-1, et seq., because he requested disposition and the State did not act so as to dispose of the case within the 180-day rule set forth therein. Article III of the IADA, states, in pertinent part, as follows:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

> ***

> (d) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for

3

final disposition is specifically directed. The warden, superintendent or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner. Any notification sent pursuant to this paragraph shall be accompanied by copies of the prisoner's written notice, request, and the certificate. If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

Petitioner asserts that his disposition request to the Mercer County Prosecuting Attorney during his Virginia incarceration triggered the application of the 180-day rule. *See State v. Seenes,* 212 W.Va. 353, 572 S.E.2d 876 (2002). Petitioner, however, acknowledges that this Court has held that a defendant's voluntary entry of a guilty plea waives all rights conferred under the IADA, including dismissal of charges upon a violation of its provisions. *See Pethel v. McBride,* 219 W.Va. 578, 638 S.E.2d 727 (2006). Petitioner urges this Court to distinguish *Pethel* from the present case because petitioner was charged by information and entered his guilty plea the same day. Therefore, he argues that he was not in a position to knowingly waive his rights under the IADA.

Petitioner's argument fails because there was no violation of the 180-day rule in this case. "The 180-day time period set forth in [the IADA] does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and to the prosecuting officer of the jurisdiction that lodged the detainer against him." Syl. Pt. 2, *State v. Somerlot,* 209 W.Va. 125, 544 S.E.2d 52 (2000). In the present case, petitioner's request for final disposition was not received by the Mercer County Circuit Court until May 23, 2011. The 180-day rule was triggered at that point. Thereafter, on September 14, 2011, the Mercer County Prosecuting Attorney faxed a letter to the Virginia Department of Corrections stating that he had "elected not to extradite [petitioner] to our jurisdiction" and asked the Virginia prison to "please remove any detainer which may have been lodged against [petitioner] by Mercer County, West Virginia."[2] Petitioner was never extradited to West Virginia, and the record shows that he was released from Virginia custody on October 5, 2011. Simply put, under these facts, the Mercer County Prosecuting Attorney was not obligated to comply with the 180-day rule. Nevertheless, petitioner's argument is foreclosed by our holding in *Pethel, supra.*

Lastly, with respect to case number 12-F-267, petitioner argues that equity required the circuit court to credit him for the time he served in Virginia between the delivery of his request for disposition and his release from incarceration in Virginia. We must reject petitioner's argument. Defendants are only entitled to receive credit for the time served on offenses for which they were convicted. *See Echard v. Holland,* 177 W.Va. 138, 144, 351 S.E.2d 51, 57 (1986). The

---

[2]The prosecuting attorney's letter is dated January 5, 2010, which must be a typographical error as it is in response to a request made in 2011. The letter contains a notation at the top of the page indicating it was faxed on September 14, 2011.

time petitioner spent in prison in Virginia was related to offenses other than those to which he pled guilty in West Virginia on August 20, 2012. There is simply no basis on which petitioner is entitled to credit for the time spent in Virginia prison.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 7, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II