342 S.E.2d 144

**Omar HASAN**

v.

**Manfred HOLLAND, Warden, West Virginia Penitentiary.**

**No. 16662.**

Supreme Court of Appeals of West Virginia.

March 12, 1986.

Cathryn A. Nogay, Wheeling, for appellant.

Bethany Boyd, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

In this original proceeding in habeas corpus the petitioner, Omar Hasan, an inmate of the West Virginia State Penitentiary at Moundsville, contends that the application of the current "good time" statute, W.Va. Code § 28–5–27 (1985 Cum.Supp.), to inmates such as himself, who were convicted of crimes committed prior to the effective date of the statute, violates the constitutional prohibitions against *ex post facto* laws contained in Article I, Section 10 of the United States Constitution and in Article III, Section 4 of the West Virginia Constitution.[1] We find no merit in the petitioner's contention, and we deny the writ.[2]

The petitioner was convicted, upon plea of *nolo contendere*, of two counts of breaking and entering in the Circuit Court of Mineral County and was sentenced to two consecutive one-to-ten year terms of imprisonment. At that time, inmate good time was calculated by classifying prison-

---

**1.** Article I, Section 10 of the United States Constitution provides in pertinent part: "No State shall ... pass any ... ex post facto law...." Article III, Section 4 of the West Virginia Constitution states in relevant part: "No ... ex post facto law ... shall be passed."

**2.** In his *pro se* petition, the petitioner raised an equal protection argument, asserting that cer-

tain inmates were given an advance award of good time while others were not. The State denied any disparity in the calculation of good time between the two groups of prisoners. This contention appears to have been abandoned by the petitioner, however, and consequently will not be addressed in this opinion.

ers according to their "good conduct, industry and obedience" and awarding a partial commutation of sentence of up to twenty days per month to certain classes of inmates solely for their continued good behavior. W.Va. Code § 28–5–28 [1977]. In addition to this "law-allowable good time", an inmate other than a life prisoner could earn extra good time credits, referred to herein as "warden's good time", an award of which was totally within the discretion of correctional authorities. W.Va. Code § 28–5–27a [1951].[3]

The statutes in effect at that time also permitted inmates who were required to perform "work necessary and essential to efficient organization of convict forces" in excess of eight hours per day to earn good time for such overtime work. W.Va. Code § 28–5–27b [1977]. Like warden's good time, the award of good time for overtime work was left to the discretion of the correctional authorities. However, inmates could not earn overtime work credits in addition to law-allowable good time unless recommended for increased commutation of sentence by correctional authorities for "extra meritorious conduct."[4]

In 1984, the Legislature expressly repealed all former good time provisions and enacted in their place W.Va. Code § 28–5–27 (1985 Cum.Supp.). The new statute discarded the system of prisoner classifications as the basis for computing law-allowable good time and now offers a credit for good behavior to all inmates, except those serving life sentences, at a rate of one day of good time for each day of time served. W.Va. Code § 28–5–27(c). Extra good time

may be awarded only for "exceptional work or service" and is dependent upon exercise of discretion by the Commissioner of Corrections. W.Va. Code § 28–5–27(i). By its terms the 1984 statute is applicable retroactively to inmates convicted of crimes committed prior to its effective date. W.Va. Code § 28–5–27(j).[5]

The controlling principle in determining whether a statute violates the *ex post facto* prohibition was stated in Syllabus Point 1 of *Adkins v. Bordenkircher*, 164 W.Va. 292, 262 S.E.2d 885 (1980): "Under *ex post facto* principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him." In *Adkins*, we held that a retroactive change in good time eligibility requirements which admittedly operated to the detriment of the prisoner violated the prohibition against *ex post facto* laws. Here, the only issue is whether the application of the 1984 statute to the petitioner is, in fact, disadvantageous.

The scope of our inquiry was defined by the United States Supreme Court in *Weaver v. Graham*, 450 U.S. 24, 33, 101 S.Ct. 960, 966, 67 L.Ed.2d 17 (1981):

> Whether a retrospective state criminal statute ameliorates or worsens conditions imposed by its predecessor is a federal question. *Lindsey v. Washington*, [301 U.S. 397, 400, 57 S.Ct. 797, 798, 81 L.Ed. 1182 [1937]; *see Malloy v. South Carolina*, [237 U.S. 180, 184, 35 S.Ct. 507, 508, 59 L.Ed. 905 (1915)]; *Roo-*

---

3. W.Va. Code § 28–5–27a [1951] provided, in pertinent part:

"The warden may, with the approval of the governor, allow, in addition to that now permitted by law, such good time to convicts, except life prisoners, working either outside or inside the walls of the penitentiary, as he may deem proper...."

4. W.Va. Code § 28–5–28 [1977] provided, in part:

No overtime allowance or credits, in addition to the commutation of time herein provided for good conduct, may be deducted from the term or terms of sentences with the exception

that for extra meritorious conduct on the part of any prisoner, he may be recommended to the board of parole and probation and to the governor for increased commutation or for a pardon or parole.

5. W.Va. Code § 28–5–27(j) provides, in pertinent part:

In order to ensure equitable good time for all inmates now in the custody of the commissioner of corrections or hereafter committed to the custody of such commissioner, ... all good times shall be computed according to this section and all previous computations of good time under prior statutes or regulations are hereby voided.

*ney v. North Dakota,* [196 U.S. 319, 325, 25 S.Ct. 264, 265, 49 L.Ed. 494 (1905)]. The inquiry looks to the challenged provision, and not to any special circumstances that may mitigate its effect on the particular individual. *Dobbert v. Florida,* [432 U.S. 282, 300, 97 S.Ct. 2290, 2301, 53 L.Ed.2d 344 (1977)]; *Lindsey v. Washington, supra,* 301 U.S. at 401, 57 S.Ct. at 799; *Rooney v. North Dakota, supra,* 196 U.S. at 325, 25 S.Ct. at 265.

"The critical issue ... [is] ... not whether a change in the actual date of release has been effected, but whether the standards by which defendant's date of release is to be determined have been altered to his detriment." *In re Stanworth,* 33 Cal.3d 176, 186, 187 Cal.Rptr. 783, 790, 654 P.2d 1311, 1318 (1982). In other words, we must determine whether an inmate could earn more good time under the prior good time statute than he can under the present one.

█ Based upon the representations made in the petition, we do not think the 1984 statute operates to the detriment of the petitioner. Under the current good time provisions, an inmate is entitled to one day of good time for every day of time served simply for good behavior. Under the prior statute, the most law-allowable good time to which a prisoner was entitled was 240 days per year. Of course, under the previous provisions an inmate could also acquire additional credits for warden's good time. The petitioner asserts, however, that warden's good time was awarded as a matter of course at a rate of only 4½ days per month, or 54 days per year. Accordingly, the maximum combined law-allowable good time and warden's good time a prisoner could earn under the prior statute was 294 days per year. As we have already noted, an inmate could not earn any additional good time for overtime work except upon conditions similar to those required for an award of extra good time under the 1984 statute. Clearly, under these facts the petitioner is entitled to substantially more good time under the 1984 statute solely for good conduct than he could earn in both law-allowable and discretionary good time under the prior statute.

We recognize that nothing in the prior statute precluded the warden from making discretionary awards of good time in excess of the 4½ days per month alleged by the petitioner and that both warden's good time and the overtime work credit provided valuable opportunities for inmates to recoup good-time credits they had previously forfeited by misconduct. We are of the opinion, however, that the substantial increase in the amount of good time automatically available to an inmate solely for good behavior under the 1984 statute is more than sufficient to compensate the petitioner for the concomitant restriction of the opportunity to earn additional discretionary good time under the prior statute. The 1984 statute expressly extends the more beneficial day-for-day computation of law-allowable good time retroactively to all inmates and requires recomputation of all discharge dates on that basis. W.Va. Code § 28–5–27(j). Moreover, in addition to preserving an inmate's entitlement to any discretionary good-time credits earned under the prior statute, the 1984 statute goes so far as to reinstate any credit previously forfeited by an inmate for misconduct.[6] In view of these generous ameliorative provisions, we are unable to say that the 1984 statute operates to the detriment of the petitioner. *See Weaver v. Graham, supra.* Accordingly, we find no violation of the prohibition against *ex post facto* laws in the application W.Va. Code § 28–5–27 (1985 Cum.Supp.) to the petitioner.

For the reasons stated herein, the relief prayed for is denied. The writ of habeas corpus heretofore issued is discharged, and

---

6. W.Va. Code § 28–5–27(j) provides, in pertinent part:

All inmates who have previously forfeited good time are hereby restored to good time computed according to this section and all inmates will receive a new discharge date computed according to this section. All in-

mates that have been awarded overtime good time or [warden's] good time pursuant to [W.Va. Code §§ 28–5–27a and 28–5–27b] which are repealed simultaneously with the amendment to this section ..., shall receive such good time in addition to the good time computed according to this section.

the petitioner is ordered remanded to custody.

Writ discharged.