351 S.E.2d 51

**Carl O'Dell ECHARD**

v.

**Manfred G. HOLLAND, Warden,
West Virginia Penitentiary**

**and**

**John Massie, Records Clerk, West
Virginia Penitentiary.**

No. 17004.

Supreme Court of Appeals of
West Virginia.

Nov. 19, 1986.

Renner, Everett, Bush & Powell, Richard A. Bush, Parkersburg, for appellant.

Harry G. Deitzler, PA, Parkersburg, for appellee.

McGRAW, Justice:

On February 15, 1985, the appellant, Carl O'Dell· Echard, a prisoner at the West Virginia Penitentiary, filed a *pro se* petition in the Circuit Court of Marshall County seeking the issuance of a peremptory writ of mandamus against the appellees, Manfred G. Holland, the warden at the penitentiary, and John Massie, the records clerk at the penitentiary. In his petition, the appellant alleged that he was being illegally detained as a result of an incorrect credit of "good time" by the appellees in calculating the discharge date of his sentences. The appellant argued that a proper credit of good time would result in the immediate discharge of his sentences.

The circuit court treated the appellant's petition as one for habeas corpus, rather than mandamus, and issued a writ of habeas corpus ad subjiciendum on March 4, 1985, which directed the appellees to show cause why the appellant was being detained. On March 22, 1985, the circuit court heard arguments from the parties concerning the good time credit earned by the appellant and the manner in which it should be applied to his sentences. At the hearing, the circuit court judge held that the discharge date calculated by the records clerk, May 5, 1989, was correct, and that the appellant was not being illegally detained. The writ of habeas corpus ad subjiciendum was then vacated by the circuit court, and the appellant thereupon appealed to this Court seeking a reversal of the circuit court's ruling.

I

On January 27, 1978, the appellant was arrested on an armed robbery charge in Wood County. Following a jury trial in the Circuit Court of Wood County, the appellant was found guilty of armed robbery on May 10, 1978. Prior to sentencing on this conviction, the appellant was also charged in Wood County as an habitual criminal on the basis that he had two prior felony convictions. An additional jury trial in the Circuit Court of Wood County resulted in a finding that the appellant had been convicted on two felony charges prior to his conviction for armed robbery. Thereafter, on June 28, 1978, the Circuit Court of Wood County imposed a life sentence on the appellant to be served in the West Virginia Penitentiary. W.Va.Code § 61–11–18 (1984 Replacement Vol.).[1] The effective date of the sentence was May 10, 1978, the date of the armed robbery conviction, but execution of the sentence was stayed until October 31, 1978, to allow the appellant time to appeal his conviction and life sentence as a recidivist. W.Va.Code § 62–7–1 (1984 Replacement Vol.)[2] The appellant was re-

1. West Virginia Code § 61–11–18, provides, in pertinent part, for punishment for a third felony offense, as follows:

When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.

2. West Virginia Code § 62–7–1, in pertinent part, provides:

Upon the application of any person entitled, under the provisions of article five [§ 58–5–1 et seq.] chapter fifty-eight of this Code, to an appeal or writ of error from the judgment a circuit court convicting him of any offense or crime, the circuit court or the judge thereof in vacation, shall make an order postponing the execution of the sentence for a reasonable time to enable him to prepare and present bills of exceptions and to secure a transcript of the evidence before the court at the trial, and until a reasonable time beyond the first day of the next term of the supreme court of appeals.

manded to the custody of the sheriff of Wood County until expiration of the stay.

While awaiting his transfer to the penitentiary, the appellant was arrested on July 5, 1978, pursuant to a warrant issued in Ritchie County charging him with first degree murder. On March 24, 1980, the appellant pleaded guilty to the lesser included offense of second degree murder, and an order was entered by the Circuit Court of Ritchie County sentencing him to confinement in the West Virginia Penitentiary for a term of not less than five nor more than eighteen years to run concurrently with the Wood County life sentence. Counsel for the appellant thereupon entered a motion requesting that credit be given to the appellant for time served by him from July 5, 1978, the date of his arrest on the Ritchie County murder charge, to March 24, 1980, the date that he pleaded guilty and was sentenced. The Circuit Court of Ritchie County overruled this motion and gave the appellant presentence credit for only 119 days for the period from July 5, 1978, to October 31, 1978, the expiration date of the stay of execution on the Wood County life sentence. The appellant's counsel excepted to the Ritchie County sentencing order as it related to presentence credit.

The appellant thereupon began serving the Ritchie County sentence concurrently with the life sentence previously imposed by the Circuit Court of Wood County. However, on July 29, 1981, this Court, in *State v. Echard*, 167 W.Va. 900, 280 S.E.2d 724 (1981), reversed the appellant's Wood County armed robbery conviction and life sentence as a recidivist and remanded the case for a new trial. The appellant was convicted on retrial of unarmed robbery. He was once again charged as a recidivist, but a plea bargain agreement was entered whereby the appellant admitted to having only one prior felony conviction, instead of two, and the State agreed to cease further prosecution on the recidivist charge.

An order was then entered by the Circuit Court of Wood County on March 30, 1982, sentencing the appellant to confinement in the penitentiary on the unarmed robbery and recidivist convictions for a period of not less than five years nor more than twenty-three years to be served consecutively with the Ritchie County sentence. W.Va.Code § 61–11–18.[3] A motion by the appellant's counsel to have the sentence imposed concurrently with the Ritchie County sentence was overruled. The sentencing order entered by the Circuit Court of Wood County did, however, grant the appellant presentence credit of 1,487 days, which represents time served by him under the original Wood County armed robbery charge and conviction until the new sentence was entered on March 30, 1982.

## II

West Virginia Code § 28–5–27 (1980 Replacement Vol.) was the good time statute applicable to the appellant at the time of his incarceration in the penitentiary on the Wood County and Ritchie County convictions. However, in 1984, the Legislature passed a new good time statute, West Virginia Code § 28–5–27 (Cum.Supp.1986), which applies retroactively to all inmates

---

3. West Virginia Code § 61–11–18 provides, in pertinent part, for punishment for a second felony offense, as follows:

When any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen [§ 61–11–19] of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

West Virginia Code § 61–2–12 (1984 Replacement Vol.) provides that a person convicted of unarmed robbery shall be confined in the penitentiary not less than five nor more than eighteen years. In *Martin v. Leverette*, 161 W.Va. 547, 244 S.E.2d 39 (1978), we held that the additional sentence of five years authorized under West Virginia Code § 61–11–18 shall be added to the maximum term of the indeterminate sentence. The Circuit Court of Wood County followed this rule in sentencing the appellant to not less than five nor more than twenty-three years.

convicted of crimes prior to its effective date. W.Va.Code § 28–5–27(j).[4] The new statute provides that all inmates, except those serving life sentences, shall be granted one day of good time for each day incarcerated. W.Va.Code § 28–5–27(c).[5] Although the new statute voided good time calculations made under prior statues, "warden's good time" and "overtime good time" earned pursuant to West Virginia Code § 28–5–27a (1980 Replacement Vol.)[6] and West Virginia Code § 28–5–27b (1980 Replacement Vol.)[7] were preserved. W.Va.Code § 28–5–27(j).[8] There is no dispute that the appellant is entitled to credit for the "warden's good time" and the "overtime good time" earned by him prior to passage of new West Virginia Code § 28–5–27. Under West Virginia Code § 28–5–27a the appellant earned "warden's good time" totalling four years, eight months and twenty days. Under West Virginia Code § 28–5–27b the appellant earned "overtime good time" totalling nine months and twenty days.

In computing the appellant's minimum discharge date under the new statute, the records clerk established July 5, 1978, as the effective date of the sentence imposed by the Circuit Court of Ritchie County of not less than five nor more than eighteen years. Although the sentencing order provided that the appellant was entitled to only 119 days presentence credit on the Ritchie County sentence, the records clerk granted the appellant credit for all time

4. West Virginia Code § 28–5–27(j), in pertinent part, provides:

(j) In order to ensure equitable good time for all inmates now in the custody of the commissioner of corrections or hereafter committed to the custody of such commissioner, except as to those persons committed pursuant to article 4 [§ 25–4–1 et seq.], chapter twenty-five of this Code, all good times shall be computed according to this section and all previous computations of good time under prior statutes or regulations are hereby voided.

In *Hasan v. Holland*, 176 W.Va. 179, 342 S.E.2d 144 (1986), we found that the 1984 statute does not operate to the detriment of prisoners incarcerated prior to its passage. Therefore, we held that its retroactive application would not violate the prohibition against *ex post facto* laws.

5. West Virginia Code § 28–5–27(c), in pertinent part, provides:

(c) Each inmate committed to the custody of the commissioner of corrections and incarcerated in a penal facility pursuant to such commitment shall be granted one day good time for each day he or she is incarcerated. . . .

6. West Virginia Code § 28–5–27a (1980 Replacement Vol.) provides:

The warden may, with the approval of the governor, allow, in addition to that now permitted by law, such good time to convicts, except life prisoners, working either outside or inside the walls of the penitentiary, as he may deem proper: Provided, however, that the same shall not exclude those who are physically or mentally incapacitated from working, from receiving such good time allowances.

7. West Virginia Code § 28–5–27b (1980 Replacement Vol.) provides:

Prisoners shall be kept at work under such rules and regulations as may be adopted by the warden with the approval of the commissioner: Provided, that no prisoner shall be required to work more than eight hours per day except on work necessary and essential to efficient organization of convict forces, which time shall include the time spent in going to and returning from their work, but not to include the intermission for dinner, which shall not be less than one hour, and in cases of such necessary and essential overtime work, said prisoners shall receive a deduction of time equal to double the hours so worked from the term or terms of sentence. This "necessary and essential work" shall be subject to the recommendation by the warden to the commissioner and shall become effective only after approval by the commissioner. Sunday work on jobs approved by the commissioner shall be considered as "necessary and essential work." A strict accounting of credit records of all overtime earned shall be kept by the person in charge of the unit on which the work is performed and completed; a report shall be rendered to the warden each month, who shall approve all such overtime before it is placed to the credit of the inmate.

8. West Virginia Code § 28–5–27(j), in pertinent part, provides:

All inmates that have been awarded overtime good time or extra good time pursuant to sections twenty-seven-a and twenty-seven-b [§§ 28–5–27a repealed and 28–5–27b repealed] of this article which are repealed simultaneously with the amendment to this section during the regular session of the legislature in the year one thousand nine hundred eighty-four, shall receive such good time in addition to the good time computed according to this section.

served by him from July 5, 1978, to March 24, 1980, the date of his sentencing on the Ritchie County conviction. The records clerk then reduced the maximum term of the indeterminate Ritchie County sentence by one half to fix the "discharge date" of that sentence as July 5, 1987. Pursuant to the sentencing order of the Circuit Court of Wood County, the records clerk next subtracted 1,487 days credited to the appellant for time served by him on the original Wood County charge and conviction. This established May 18, 1983, as the effective date of the Wood County sentence and the point from which to calculate the appellant's minimum discharge date. The records clerk then reduced the maximum term of the indeterminate Wood County sentence by one half and further subtracted therefrom the "warden's good time" and "overtime good time" previously earned by the appellant under prior West Virginia Code §§ 28–5–27a and 28–5–27b. These computations resulted in a minimum discharge date on the appellant's sentences of May 5, 1989.

The appellant maintains that the records clerk improperly applied the "warden's good time" and the "overtime good time" in computing his minimum discharge date. He argues that the "warden's good time" and "overtime good time" earned by him while serving the Ritchie County sentence concurrently with the original Wood County life sentence should have been reduced once from the Wood County sentence, as the records clerk has done, and once from the Ritchie County sentence, which the records clerk has not done. Deduction of the discretionary good time credit in the manner suggested by the appellant would result in his immediate discharge.

The appellees take the position that good time cannot be deducted twice. The appellees contend that consecutive sentences must be treated as one sentence, and that good time credit earned by the appellant may be deducted therefrom only once. As a final matter, counsel for the appellees argues in his brief that the records clerk actually erred in favor of the appellant in making his computations. The records clerk computed the appellant's discharge date based on an effective date on the Ritchie County sentence of July 5, 1978, thereby giving the appellant presentence credit on the Ritchie County sentence for the period from July 5, 1978, to March 24, 1980. As discussed above, the sentencing order entered by the Circuit Court of Ritchie County on March 24, 1980, granted the appellant only 119 days credit for presentence confinement. The appellees' counsel argues that the appellant should be given credit on the Ritchie County sentence for only 119 days, and that the minimum discharge date of his sentences should be adjusted accordingly.

III

Turning to the merits of the case, we first address the appellant's contention that he is entitled to have the "warden's good time" and "overtime good time" earned by him deducted twice from the consecutive sentences now being served, once from the Wood County sentence and once from the Ritchie County sentence. We agree with the appellees that a double deduction for good time is not allowed where consecutive sentences have been imposed. Therefore, we affirm the ruling of the Circuit Court of Marshall County vacating the writ of habeas corpus ad subjiciendum. In Syllabus Point 1, *Woods v. Whyte*, 162 W.Va. 157, 247 S.E.2d 830 (1978), we held: "In a habeas corpus proceeding where prisoners allege but do not prove that they are being illegally held, relief will be denied." In this case, we find that the appellant did not prove that he is being illegally detained.

In resolving this issue, we have looked to West Virginia Code § 28–5–27(e), which provides that "[a]n inmate under two or more consecutive sentences shall be allowed good time as if the several sentences, when the maximum terms thereof are added together, were all one sentence." We find this statute to be clear and unambiguous, and we will give full force and effect to its clear import. The rule which we follow was stated by us in Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877,

65 S.E.2d 488 (1951), where we held: "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." *See* Syl. pt. 1, *Chamberlaine & Flowers v. Smith Contracting*, 176 W.Va. 39, 341 S.E.2d 414 (1986); Syl. pt. 2, *Lavender v. McDowell County Bd. of Education*, 174 W.Va. 513, 327 S.E.2d 691 (1984). *See also* Syl. pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968). We further find that the application of West Virginia Code § 28–5–27(e) to the consecutive sentences imposed on the appellant is mandatory. As we held in Syllabus Point 1, *Nelson v. West Virginia Public Employees Ins. Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1982): "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation."

In this case, the appellant was serving concurrent sentences until July 19, 1981, when we reversed the Wood County armed robbery conviction and life sentence in *State v. Echard, supra.* The retrial in the Circuit Court of Wood County resulted in a new conviction for unarmed robbery and a new sentence of five to twenty-three years to be served consecutively with the five to eighteen year Ritchie County sentence. Thus, the provisions of West Virginia Code § 28–5–27(e) are now controlling on the application of good time to the appellant's consecutive sentences.

■ A review of the record shows that the records clerk applied all good time earned by the appellant, including the dis-

cretionary "warden's good time" and "overtime good time," to the consecutive sentences as if they were one sentence with a maximum term of forty-one years.[9] However, the manner in which the records clerk made his computations is somewhat confusing. The records clerk first reduced presentence time and day-for-day good time from the maximum term of the Ritchie County sentence, thereby establishing a "discharge date" on that sentence. He then deducted presentence time, day-for-day good time, "warden's good time" and "overtime good time" from the maximum term of the Wood County sentence to establish the appellant's minimum discharge date as May 5, 1989. The method mandated by the statute is less complex than the manner employed by the records clerk. In cases of consecutive sentences, West Virginia Code § 28–5–27(e) requires that good time shall be allowed to the inmate as if the consecutive sentences, when the maximum terms are added together, were one sentence. The maximum terms of the consecutive sentences, determinate or indeterminate, must first be added together to determine the inmate's maximum discharge date. It is from this maximum discharge date that all presentence and good time deductions must be made in order to establish the inmate's minimum discharge date.

■ Of course, the maximum discharge date cannot be established without first determining the effective date of the first consecutive sentence. Accordingly, we next turn to the question whether the appellant was entitled to presentence credit on the Ritchie County sentence for time served by him from July 5, 1978, the date

---

9. At the hearing conducted by the Circuit Court of Marshall County to determine whether the appellant was being illegally detained, the records clerk gave the following testimony concerning the manner in which he computed the appellant's discharge date.
   A  He's trying to look at these sentences as two different items. When the sentences run consecutive, he has a package of forty-one years that I have to look at as far as calculating time.
   Q  Okay. What I'm asking—maybe I can rephrase my question. In fact, had he discharged his Ritchea [sic] County sentence?

   A  If I would deduct the four years, eight months and twenty days, and the nine months and twenty-three days, and the nine years from the eighteen year sentence, yes, you could say it was discharged. But then I couldn't deduct it also from the Wood County conviction. I can only take it off of one or the other, but not both.
   Q  Okay. But it was earned on the Wood County conviction. Is that correct?
   A  It was earned on the whole forty-one year sentence.

of his Ritchie County arrest, to March 24, 1980, the date that he was sentenced in Ritchie County. As noted earlier, the records clerk established July 5, 1978, as the effective date of the Ritchie County sentence thereby giving the appellant full credit for this time notwithstanding the fact that the sentencing order entered by the Circuit Court of Ritchie County granted credit for only 119 days. After careful consideration, we reject both the presentence credit deduction ordered by the Circuit Court of Ritchie County and the presentence credit deduction made by the records clerk in contravention of that order. Instead, we hold that the appellant is not entitled to any presentence credit on the Ritchie County sentence.

As in *Miller v. Luff*, 175 W.Va. 150, 332 S.E.2d 111 (1985), the considerations which govern our decisions in this area, equal protection and double jeopardy, have no relevance to our inquiry concerning presentence credit on the Ritchie County sentence. When the Ritchie County arrest was made and the sentence was imposed, the appellant was incarcerated on the original Wood County convictions. Therefore, unequal treatment based on indigency was not a consideration, nor was the double jeopardy bar against multiple punishments for the same offense. The appellant was already subject to restraint, and no additional restraint was imposed because of the Ritchie County sentence. The place of restraint is not relevant for the purpose of this issue. Based on our finding that these considerations do not apply, we reverse the judgment of the Circuit Court of Marshall County insofar as it approved the granting of presentence credit on the Ritchie County sentence.

Consistent with our holding that no presentence credit should be granted on the Ritchie County sentence, the sentencing date, March 24, 1980, shall be the effective date of the Ritchie County sentence for purposes of computing the appellant's minimum discharge date. The first step in the computation is to add the maximum terms of the Ritchie County and Wood County indeterminate sentences, eighteen and twenty-three years, together, as if the two consecutive sentences were one sentence. W.Va.Code § 28–5–27(e). The total of forty-one years is then added to the effective date of the Ritchie County sentence to establish the appellant's maximum discharge date as March 24, 2021. As noted above, all presentence credit and good time credit earned by the appellant must be deducted from this date to determine his minimum discharge date.

In this case, the following deductions are made: (1) day-for-day good time on the consecutive sentences totalling twenty years and six months, W.Va.Code § 28–5–27(c); (2) presentence credit awarded by the Circuit Court of Wood County totalling 1,487 days; (3) "warden's good time" totalling nine months and twenty-three days, W.Va.Code § 28–5–27a; and (4) "overtime good time" totalling four years, eight months and twenty days, W.Va.Code § 28–5–27b. The resulting date, February 4, 1991, is the appellant's minimum discharge date.

Pursuant to West Virginia Code § 28–5–27(g),[10] the records clerk at the penitentiary shall prepare and provide the appellant a statement setting forth the time of his minimum discharge date computed in a manner consistent with this opinion.

Affirmed in part; reversed in part.

---

10. West Virginia Code § 28–5–27(g) provides:
    (g) Each inmate, upon his or her commitment to and being received into the custody of the commissioner or the department of corrections, or upon his return to custody as the result of violation of parole pursuant to section nineteen [§ 62–12–19], article twelve, chapter sixty-two of this Code, shall be given a statement setting forth the term or length of his or her sentence or sentences and the time of his minimum discharge computed according to this section.