# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert D. Yost,**
**Petitioner, Petitioner Below**

**FILED**

**January 25, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 12-0030** (Wayne County 11-C-190)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent, Respondent Below**

### MEMORANDUM DECISION

Petitioner Robert D. Yost, *pro se*, appeals the December 14, 2011 order of the Circuit Court of Wayne County denying his petition for a writ of habeas corpus in which the court ruled that his claim, that he should have been given presentence jail credit for time served on charges in another county, did not rise to the level of constitutional significance. The respondent warden[1], by Laura Young, his attorney, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Petitioner was charged on June 24, 2003, in Cabell County, West Virginia, for an offense arising in Cabell County.[2] On October16, 2003, while petitioner was still being held on the Cabell County charge, an arrest warrant was executed based on charges arising in Wayne County, West Virginia.[3] The Prosecuting Attorney of Wayne County previously had a hold on petitioner, since June 26, 2003.

---

[1] Pursuant to Rule 41(c) of the West Virginia Revised of Appellate Procedure, the name of Marvin Plumley is substituted for that of Adrian Hoke as Mr. Plumley is now Warden of Huttonsville Correctional Center.

[2] According to petitioner, the charge in Cabell County was for transferring/receiving stolen property.

[3] According to petitioner, the Cabell County charge and the Wayne County charges arose out of the same incident.

1

Petitioner was transferred to Wayne County once he posted bond on the Cabell County charge on November 6, 2003. Petitioner subsequently posted bond on the Wayne County charges on November 25, 2003. Petitioner's Wayne County bond was revoked on January 12, 2004, and he was re-incarcerated. According to petitioner, the Cabell County charge was dismissed shortly after his bond in Wayne County was revoked.

Petitioner pled guilty to two counts of daytime burglary, and the State agreed to dismiss two counts of grand larceny. The Circuit Court of Wayne County sentenced petitioner to one to ten years on each count of daytime burglary, to be served consecutively. Petitioner received eighty-eight days of credit for time served in Wayne County for the periods from November 6, 2003 to November 25, 2003, and from January 12, 2004 to March 19, 2004, when he was sentenced.

On July 9, 2010, petitioner filed a motion for correction of sentence alleging that he was entitled to 137 days of credit for time served while being held in Cabell County on a detainer from Wayne County. The circuit court denied the motion noting that it "is using the November 7, 2003, date of arraignment[4] in Wayne County as the date when petitioner was incarcerated on Wayne County charges alone." The circuit court found that the original calculation of eighty-eight days of credit for time served in Wayne County was correct.[5]

On September 14, 2011, petitioner filed a petition for a writ of habeas corpus alleging that he should have received a total of 246 days of credit for time served (eighty-eight days plus 158 additional days of credit).[6] The circuit court determined that "[petitioner's] Petition should be dismissed without prejudice pursuant to [Rule] 4(c) [of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings] . . . ." The circuit court ruled in pertinent part as follows:

\* \* \*

3. That the Petitioner contends that he should have been given presentence jail credit for time served on charges in another county.

---

[4] The record reflects that petitioner also received credit for time served on November 6, 2003.

[5] In its order denying the motion for correction of sentence, the circuit court noted that petitioner had previously been on parole but that he was re-incarcerated on February 15, 2009, because of a parole violation.

[6] On appeal, petitioner states that the number of days recited in his habeas petition was incorrect. Petitioner indicates that the correct number of days is 221 (eighty-eight days plus 133 additional days of credit).

4. That this is not a constitutional issue and for the reasons stated above this matter is not cognizable for a Writ of Habeas Corpus.

It is, therefore, **ADJUDGED** and **ORDERED** that the Petitioner's Petition [for] Writ of Habeas Corpus is **DENIED**.

Petitioner now appeals the denial of his petition. On March 12, 2012, petitioner filed a motion for sanctions in this Court alleging that counsel for the respondent warden made a misrepresentation in the summary response. Counsel filed a response to the motion to which petitioner filed a reply. Petitioner's motion for sanctions remains pending.

STANDARD OF REVIEW

The standard of review for the circuit court's denial of petitioner's habeas petition is set forth in Syllabus Point One, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006):

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

"A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied,* 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983).

DISCUSSION

Petitioner argues it is well-settled that the denial of presentence jail credit rises to the level of constitutional significance. Petitioner asserts that he was held in jail in Cabell County for 133 days under two distinct legal processes, the Cabell County warrant and the hold placed on him by the Prosecuting Attorney of Wayne County. Petitioner asserts that if he had been convicted of the Cabell County charge, the sentencing court would have discretion to order that he serve the sentences concurrent with or consecutive to each other. However, because the Cabell County charge was dismissed and petitioner was held in Cabell County under legal process from Wayne County, petitioner argues that the Circuit Court of Wayne County lacked discretion to deny him credit for time served for the 133 days he spent in jail in Cabell County.

The respondent warden asserts that petitioner misreads the circuit court's order denying his habeas petition. According to the respondent warden, the circuit court stated that petitioner did not assert a constitutional claim regarding credit for time served when he was not entitled to credit on his Wayne County sentence for time spent in jail on a separate Cabell County charge. The

respondent warden cites *Echard v. Holland*, 177 W.Va. 138, 351 S.E.2d 51 (1986),[7] and asserts that petitioner finds himself in an analogous situation. The respondent warden argues that petitioner is not entitled to credit on his Wayne County sentence for the days he was held in jail in Cabell County.

In *Echard*, the appellant was arrested on a Ritchie County charge when he was already awaiting transfer to the state penitentiary on a Wood County conviction. On the issue of whether the appellant was entitled to presentence credit on the Ritchie County sentence, this Court disagreed with both the circuit court and the records clerk at the penitentiary, and determined that the appellant was not entitled to credit for any of the time because "[he] was already subject to restraint [as a result of the Wood County sentence], and no additional restraint was imposed because of the Ritchie County sentence." 177 W.Va. at 144, 351 S.E.2d at 57. Similarly, in the case at bar, petitioner was already subject to restraint because of the Cabell County charge, and no additional restraint was imposed when the Prosecuting Attorney of Wayne County placed a hold on him. Therefore, this Court finds that the circuit court did not err in ruling that petitioner's claim for additional presentence credit did not rise to the level of constitutional significance.[8] This Court concludes that the circuit court did not abuse its discretion in denying petitioner's habeas petition.[9]

For the foregoing reasons, we find no error in the decision of the Circuit Court of Wayne County and affirm its December 5, 2011 order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

---

[7] *Echard v. Holland*, 177 W.Va. 138, 144, 351 S.E.2d 51, 57 (1986), is contrary to petitioner's argument that constitutional safeguards are implicated in every case where there is an issue of presentence credit for time served. *See* 177 W.Va. at 144, 351 S.E.2d at 57 ("[T]he considerations which govern our decisions in this area, equal protection and double jeopardy, have no relevance to our inquiry concerning presentence credit on the Ritchie County sentence.").

[8] In his motion for sanctions, petitioner alleges that counsel for the respondent warden denied the fact a hold was placed on petitioner while being held in jail in Cabell County. However, as counsel explained in her response to the motion, she was not denying that the Prosecuting Attorney of Wayne County placed a hold on petitioner; rather, counsel's position was that the hold was of no legal significance. In light of *Echard v. Holland*, 177 W.Va. 138, 351 S.E.2d 51 (1986), the position taken by counsel was correct. Therefore, this Court concludes that petitioner's motion for sanctions should be and is hereby denied.

[9] Because the circuit court made its ruling pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings, petitioner is free to make a subsequent claim for additional credit for time served as long as he has "adequate factual support" for the claim.

**ISSUED:**   January 25, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II