## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 13-0408** (Kanawha County 98-F-50)

**Robert Bowers III, Defendant Below,**
**Petitioner**

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Robert Bowers III, pro se, appeals the Circuit Court of Kanawha County's May 25, 2012, order denying his motion to correct illegal sentence made pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. The State, by counsel Christopher S. Dodrill, filed a response and a supplemental appendix, to which petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his motion because he is entitled to additional credit for time served and because the circuit court failed to make sufficient findings of fact and conclusions of law in its order denying his motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1999, petitioner was sentenced to a term of incarceration of sixty years for his conviction of aggravated robbery and a consecutive term of incarceration of two to ten years for his conviction of malicious wounding following a jury trial. Although petitioner was not initially awarded credit for time served, his sentence was amended by order entered in July of 1999 to give him credit for 100 days of time served. In 2001, petitioner filed a pro se petition for writ of habeas corpus in the circuit court. Petitioner alleged several grounds for habeas relief, including that he was not properly awarded credit for time served prior to his convictions. The circuit court ultimately denied petitioner habeas relief, and this Court refused petitioner's appeal of the denial by order entered on July 15, 2002. In May of 2012, petitioner filed a pro se motion for correction of illegal sentence in the circuit court pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure, again seeking credit for over 500 days of time served. Without appointing counsel or holding a hearing, the circuit court denied the motion by order entered on May 25, 2012. It is from this order that petitioner appeals.

We have previously held as follows:

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009). Petitioner argues that from the time of his arrest for aggravated robbery and malicious wounding on October 30, 1997, until the date of sentencing on March 29, 1999, he was confined in jail on these bondable charges and is entitled to 547 days of credit for this time served. However, the Court disagrees, as the record in this matter clearly shows that for a significant portion of this time, petitioner was incarcerated on unrelated charges. According to the record, petitioner was not incarcerated on the charges at issue herein until January 22, 1999. As such, it is clear that petitioner is not entitled to the credit he seeks.

Petitioner argues that he is still entitled to credit for time served against the current sentences despite having been incarcerated on unrelated charges because he was subject to a detainer on the charges applicable to this appeal. However, petitioner cites to no evidence of such a detainer or any applicable case law requiring West Virginia courts to grant defendants credit for time served on unrelated charges. To the contrary, this Court has previously held that criminal defendants are not entitled to credit for time served in similar situations. *See State v. Wears*, 222 W.Va. 439, 445, 665 S.E.2d 273, 279 (2008) (denying a defendant's request for credit for time served between the State's voluntary dismissal of an indictment and the defendant's reindictment because he remained in custody serving time on unrelated charges); *Echard v. Holland*, 177 W.Va. 138, 144, 351 S.E.2d 51, 57 (1986) (incarcerated defendant not entitled to credit for time served for offense committed after imposition of sentence on prior crime.). Simply put, petitioner is not entitled to have time served credit applied to his current sentence for time spent incarcerated on unrelated charges. For these reasons, the Court finds no error in the circuit court denying petitioner's motion.

As to petitioner's allegation that the circuit court erred in failing to include sufficient findings of fact and conclusions of law in the order being appealed, the Court finds no merit to this argument. The circuit court clearly found that "the sentence is a proper sentence with all credit for time served being given to the [petitioner]." Because it is clear petitioner is not entitled to additional credit for time served, and because this issue has twice been litigated below in the form of a corrected sentencing order awarding petitioner 100 days of credit for time served and as a ground raised in a prior petition for writ of habeas corpus, the Court finds that the circuit court's order contained the necessary findings of fact and conclusions of law.

For the foregoing reasons, the circuit court's May 25, 2012, "Order" denying petitioner's Rule 35(a) motion is hereby affirmed.

Affirmed.

**ISSUED**: January 17, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II