# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) No. 15-0736 (Mercer County 10-F-355)

**Christopher A. Chapman,**
**Defendant Below, Petitioner**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner Christopher A. Chapman appeals the Circuit Court of Mercer County's July 1, 2015, order denying his motion for correction of sentence. The State, by counsel Zachary Aaron Viglianco, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his motion because he is entitled to additional credit for time served.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2010, petitioner participated in a series of armed robberies in Mercer County, West Virginia. Two days later, petitioner was arrested and charged with brandishing a weapon, conspiracy, and first-degree robbery. According to petitioner, bond was set but he was unable to post the necessary amount and remained incarcerated during the pendency of the criminal proceedings.[1]

While petitioner remained in custody on the Mercer County charges, the State appeared before the Circuit Court of Raleigh County and sought to revoke petitioner's probation previously imposed on charges unrelated to the crimes in Mercer County. Petitioner appeared for a hearing on the probation revocation in October of 2010 and admitted that he violated the terms of his probation. As such, Raleigh County revoked petitioner's probation and imposed a term of incarceration of one to ten years for his prior conviction of felony transfer of stolen property. Raleigh County further granted petitioner credit for time served on several previous occasions,

---

[1] The Court notes that petitioner has failed to provide any evidence that he was, in fact, incarcerated for the entirety of the approximately 390 days from his arrest until his sentencing, as he alleges.

1

including approximately 128 days for time petitioner was incarcerated from June 21, 2010, until October 27, 2010.

In July of 2011, petitioner pled guilty in Mercer County to one count of first-degree robbery. In exchange, the remaining charges were dismissed and petitioner was guaranteed a thirty-year sentence. At sentencing, Mercer County ordered that the thirty-year sentence run consecutively to the reinstated Raleigh County sentence. Moreover, Mercer County credited petitioner with credit for 264 days of time served in regard to the first-degree robbery sentence.

In August of 2015, petitioner filed a motion to amend his sentence in Mercer County. According to petitioner, because he was continuously incarcerated from his arrest on June 20, 2010, until he pled guilty and was sentenced on July 18, 2011, he argued that he was entitled to approximately 390 days of total credit for time served, instead of the 264 days he was awarded. The circuit court denied this motion on July 1, 2015. It is from this order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the circuit court denying petitioner's motion for correction of sentence.

On appeal, petitioner argues that Raleigh County's decision to award him credit for 128 days of time served between June 21, 2010, and October 27, 2010, does not absolve Mercer County of its duty to award him credit for the same period in accordance with constitutional principles. According to petitioner, Raleigh County's decision to award him credit for this period amounted to discretion, while Mercer County had a constitutional duty to grant him credit for time served for that same time period. As such, petitioner argues that Mercer County's failure to apply credit for this time period has now resulted in a four-month delay of his parole eligibility on the Mercer County charge. The Court, however, does not agree, as petitioner's argument ignores our prior holdings regarding credit for time served and parole eligibility.

This Court has previously held that

> "Consistent with our decision in *Echard v. Holland*, 177 W.Va. 138, 351 S.E.2d 51 (1986), when a trial court awards credit for presentence incarceration to a defendant receiving consecutive sentences, the period of presentence incarceration must be credited against the aggregated maximum term of the consecutive sentences. To the extent that language in the decision of *State v. Scott*, 214 W.Va. 1, 585 S.E.2d 1 (2003) suggests a different allocation of

presence credit to consecutive sentences, it is disapproved." Syllabus Point 6, *State v. Middleton*, 220 W.Va. 89, 640 S.E.2d 152 (2006).

Syl. Pt. 6, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010). This holding makes it clear that when a defendant is sentenced to consecutive sentences, like petitioner herein, his or her award of time-served credit is applied to the aggregated maximum term of the consecutive sentences. That is to say that, even if petitioner were awarded the full 390 days of credit for time served against his first-degree robbery conviction, as opposed to having the credit applied separately to his two convictions, the net effect would be the same: 390 days of credit for time served applied to his aggregated maximum term of the consecutive sentences.

Further, as to his claim that the circuit court's failure to award him the additional 128 days of time-served credit on his first-degree robbery sentence has the effect of delaying his parole eligibility on that charge by approximately four months, the Court does not agree. We have stated that

> [f]or purposes of calculating a defendant's parole eligibility date, credit for time served by the defendant prior to being sentenced should be applied to the aggregated minimum term of all the consecutive sentences combined. To the extent that language in *State v. Middleton*, 220 W.Va. 89, 640 S.E.2d 152 (2006), mandates that the period of time served during presentence incarceration be credited only against the aggregated maximum term of the consecutive sentences, it is hereby overruled.

*Eilola*, 226 W.Va. at 700, 704 S.E.2d at 700, syl. pt. 7. Again, because the totality of petitioner's time-served credit is applied to the aggregated minimum term of all of his consecutive sentences combined, it is inconsequential whether the 128 days petitioner raises on appeal is applied to the first-degree robbery charge. The net effect, again, is the same: 390 days of credit for time served applied to his aggregated maximum term of the consecutive sentences.

On appeal, petitioner essentially seeks to have this Court apply approximately 128 days of additional time-served credit to his sentence for first-degree robbery. However, he has already received credit for time served for that period of incarceration on his felony transfer of stolen property sentence: the period of June 21, 2010, through October 27, 2010. Simply put, this Court has repeatedly held that criminal defendants are not entitled to have credit for time served during one period applied to two separate sentences. *See State v. Wears*, 222 W.Va. 439, 445, 665 S.E.2d 273, 279 (2008) (denying defendant's request for credit for time served between State's voluntary dismissal of an indictment and defendant's reindictment because he remained in custody serving time on unrelated charges); *Echard v. Holland*, 177 W.Va. 138, 144, 351 S.E.2d 51, 57 (1986) (incarcerated defendant not entitled to credit for time served for offense committed after imposition of sentence on prior crime). Our review of the record shows that petitioner has received the approximately 390 days of credit for time served that he sought, and he is not entitled to have credit for time served from June 21, 2010, through October 27, 2010, awarded twice. As such, we find no error.

For the foregoing reasons, the circuit court's July 1, 2015, order denying petitioner's motion for correction of sentence is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II