# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-1009** (Monongalia County 13-F-122)

**Thomas Williams,**
**Defendant Below, Petitioner**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas Williams, by counsel David M. Grunau, appeals the Circuit Court of Monongalia County's September 22, 2015, order denying his motion for credit for time served. The State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner raises the sole argument that the circuit court erred in denying him credit for time served in another jurisdiction in violation of constitutional safeguards.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, Quintin Bolden was shot and killed. Several months later, the United States Marshals Service and the Monongalia County Sheriff's Department arrested petitioner on federal drug charges and subsequently released him on bail. Although the Monongalia Sheriff's Department questioned petitioner regarding the murder of Mr. Bolden, petitioner was not detained or arrested for that crime.

In April of 2012, petitioner was arrested on felony drug charges in the State of Pennsylvania. While awaiting disposition of these charges, federal authorities in West Virginia filed a writ to return petitioner to the United States District Court for the Northern District of West Virginia for violating his bond. Thereafter, petitioner was transferred to federal custody in West Virginia wherein the district court revoked petitioner's bail and returned him to Pennsylvania for disposition of those charges with a federal detainer on him for the charges pending in the district court. In September of 2012, petitioner was returned to federal custody in West Virginia, having pled guilty to the Pennsylvania charges.

In November of 2012, petitioner pled guilty in district court to one count of cocaine distribution. While awaiting sentencing on his federal drug charge, the State issued a warrant on

1

February 6, 2013, charging petitioner with the murder of Mr. Bolden and placed a detainer on him for this charge. Thereafter, on March 3, 2013, the district court sentenced petitioner to a term of incarceration of twenty-seven months with credit for time served beginning on September 12, 2012, when he was returned to federal custody after the disposition of his Pennsylvania drug charges.

In March of 2013, while incarcerated in the Federal Bureau of Prisons system, a Monongalia County grand jury indicted petitioner on one count of first-degree murder for the death of Mr. Bolden. In October of 2013, the State filed a writ of habeas corpus ad prosequedum requesting to transfer petitioner from a federal facility to the North Central Regional Jail during the pendency of his murder trial. Subsequently, petitioner was transferred to the North Central Regional Jail where he continued to serve his federal prison sentence. On August 27, 2014, the State was notified that petitioner discharged his federal prison sentence.

On March 10, 2015, petitioner pled guilty to one count of second-degree murder. By order entered April 20, 2015, the circuit court sentenced petitioner to a term of incarceration of twenty-five years with an effective sentencing date of August 27, 2014, the day petitioner discharged his federal sentence. Several months later, petitioner filed a "Memorandum of Fact and Law Regarding Sentencing" arguing that because the State formally charged him with first-degree murder and placed a detainer on him on February 6, 2013, he is entitled to receive state credit for time served beginning on this date, even though he was in federal custody. The circuit court denied petitioner's motion by order entered on September 22, 2015. It is from this order that petitioner appeals.

We have previously held as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009). On appeal, petitioner argues that he is entitled to credit for time served while in federal custody to be applied to his term of incarceration for second-degree murder, from the date on which the State formally charged him with first-degree murder and placed a detainer on him. Based on our thorough review of the record on appeal, we find no error in the circuit court's order.

Petitioner argues that his time of incarceration on an unrelated federal drug charge (cocaine distribution) should be credited against his current sentence for second-degree murder. This Court has held that criminal defendants are not entitled to credit for time served on unrelated charges. *See State v. Wears*, 222 W.Va. 439, 445, 665 S.E.2d 273, 279 (2008) (denying defendant's request for credit for time served between the State's voluntary dismissal of an indictment and the defendant's reindictment because he remained in custody serving time

on unrelated charges); *Echard v. Holland*, 177 W.Va. 138, 144, 351 S.E.2d 51, 57 (1986) (incarcerated defendant not entitled to credit for time served for offense committed after imposition of sentence on prior crime). For these reasons, the Court finds no error in the circuit court's order denying petitioner's motion for a correction of sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 6, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II