**FILED**
**February 8, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0798** (Gilmer County 16-F-26)

**Dale Lee Carr,**
**Defendant Below, Petitioner**

## CORRECTED MEMORANDUM DECISION

Petitioner Dale Lee Carr, a self-represented litigant, appeals the September 28, 2020, order of the Circuit Court of Gilmer County denying his motion for correction or reduction of sentence under Rule 35 of the West Virginia Rules of Criminal Procedure. The State of West Virginia, by counsel Patrick Morrisey and Karen C. Villanueva-Matkovich, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his motion for correction of sentence and denying him credit for time served.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2016, petitioner was arrested and charged with one count of possession with intent to deliver heroin and one count of conspiracy to commit an offense against the State. In November of 2016, a grand jury returned an indictment against petitioner charging him with these same crimes, and the case was numbered 16-F-22. That same grand jury also returned a separate fourteen-count indictment against petitioner, charging him with seven counts of second-degree sexual assault and seven counts of sexual abuse by a parent, guardian, or custodian. The case was numbered 16-F-26. During a hearing held in February of 2017, the circuit court dismissed case number 16-F-22 with prejudice.[1]

---

[1]An order in the State's supplemental appendix indicates that the circuit court dismissed the case because a search of petitioner's person that occurred below "was in violation of his rights." The order does not otherwise explain the violation that occurred.

1

Petitioner remained incarcerated for several months. Eventually, when his bond was reduced, he posted bond and was released from incarceration on January 3, 2018. In August of 2018, petitioner entered a plea agreement whereby he agreed to plead guilty to three counts of third-degree sexual assault in exchange for the State's agreement to dismiss the remaining charges. The circuit court sentenced petitioner to one to five years of incarceration for each count of third-degree sexual assault, with these terms set to run consecutively to each other, and imposed thirty years of extended supervised release pursuant to West Virginia Code § 62-12-26.

On December 15, 2018, the circuit court entered an amended sentencing order adding petitioner's sentencing date because it had been omitted in the original order. Petitioner, by counsel, then filed a motion to amend the amended sentencing order, requesting a correction to his time-served credit because no time was reflected in the amended sentencing order. In support of the motion, petitioner indicated that he had been indicted in November of 2016 and remained incarcerated until January 3, 2018. Pursuant to petitioner's motion, the circuit court issued a second amended sentencing order indicating that petitioner was to receive 415 days of credit for time served from the time of his arraignment on November 15, 2016, until January 3, 2018, when he posted bond.

In August of 2020, petitioner, without the assistance of counsel, filed a second motion seeking to amend the amended sentencing order, requesting additional credit for time served. Specifically, petitioner sought credit for the time served from May 25, 2016, the time of his arrest, to November 15, 2016, the time of his arraignment. Petitioner claimed that he was arrested in May of 2016 (based on the fourteen-count indictment charging him with various sexual crimes in Criminal Action No. 16-F-26 in addition to the later-dismissed two-count indictment in Criminal Action No. 16-F-22) and, therefore, was owed an additional 174 days of credit.

On September 14, 2020, the circuit court held a hearing on petitioner's motion. The State objected to the motion based upon the fact that the period of incarceration referenced by petitioner was served for a different criminal case—possession with intent to deliver heroin and conspiracy. Ultimately, the circuit court agreed with the State and found that petitioner was not entitled to the additional credit for time served as the period of incarceration in question was not related to the charges of which petitioner was convicted. Petitioner appeals the September 28, 2020, order denying his motion.

This Court has previously held as follows:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner argues that the circuit court erred in denying him credit for time served as set forth in his motion to correct his sentence. According to petitioner, he was arrested on May 25, 2016, for the crimes charged in both 16-F-22 and 16-F-26. As such, petitioner contends that the circuit court erred in crediting him for time served from the date of his arraignment instead of the date of his arrest and states that he is entitled to the extra 174 days.

The law surrounding credit for time served is well developed, and it is axiomatic that a defendant is entitled to the time spent incarcerated while awaiting trial for a crime. *See* Syl. Pt. 6, *State v. McClain*, 211 W. Va. 61, 561 S.E.2d 783 (2002) ("The Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable."); *State v. Eilola*, 226 W. Va. 698, 702, 704 S.E.2d 698, 702 (2010) (reiterating that granting presentence credit for time served in jail is mandatory). However, it is clear that an inmate is not entitled to credit for time served on unrelated charges. Here, the circuit court found that petitioner was incarcerated on charges unrelated to his conviction during the period in question. *See* Syl. Pt. 3, *State ex rel. State v. Sims*, 240 W. Va. 18, 807 S.E.2d 266 (2017) ("West Virginia Code § 61-11-24 (2014) allows for the granting of credit for time served only on a sentence imposed by the court for the term of confinement 'awaiting such trial and conviction.'"); *State v. Williams*, No. 15-1009, 2016 WL 4611224 at *2 (W. Va. Sept. 6, 2016)(memorandum decision) ("This Court has held that criminal defendants are not entitled to credit for time served on unrelated charges"); *State v. Rodeheaver*, No. 14-0270, 2015 WL 2382921 at *2 (W. Va. May 18, 2015)(memorandum decision) (denying credit for time served for unrelated charges in Maryland and Pennsylvania); *State v. Wears*, 222 W. Va. 439, 665 S.E.2d 273 (2008) (denying a defendant's request for credit for time served because he remained in custody serving time on unrelated charges); *Echard v. Holland*, 177 W. Va. 138, 144, 351 S.E.2d 51, 57 (1986) (incarcerated defendant not entitled to credit for time served for offense committed after imposition of sentence on prior crime).

Based upon our review of the record, we find that petitioner has failed to demonstrate error in calculating his credit for time served. The circuit court's order denying petitioner's second motion to correct his sentence sets forth that the State objected to petitioner's motion and established that the period of incarceration from May 25, 2016, through the time of his arraignment was attributed to his criminal case in 16-F-22—possession with intent to deliver heroin. As such, the circuit court found that the credit requested by petitioner did not apply to the charges of which he was convicted and, therefore, denied his request to correct his sentence. While petitioner claims that he was incarcerated in May of 2016 on charges for both case number 16-F-22 and 16-F-26, he fails to cite to anything in the record to support his claim. Petitioner briefly references the presentence investigation report as supporting evidence, but the record demonstrates that the State objected to this argument below, and the circuit court agreed with the State's position. Otherwise, petitioner failed to show what other arguments he set forth below in support of his claims, and the record on appeal does not establish petitioner's entitlement to relief. Based on the foregoing, we conclude that petitioner is not entitled to the credit for time served he requests.

For the foregoing reasons, the circuit court's September 28, 2020, order is hereby affirmed.

3

Affirmed.

**ISSUED**: February 8, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment, not participating

4