# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-1248** (Fayette County 14-F-174)

**Lionel W. Bragg,**
**Defendant Below, Petitioner**

**FILED**

November 23, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Lionel W. Bragg, by counsel E. Scott Stanton, appeals the Circuit Court of Fayette County's November 5, 2014, order sentencing him to one term of one to five years in prison for one count of felony conspiracy and three terms of one to fifteen years in prison for one count of delivery of a controlled substance, one count of possession of a controlled substance with the intent to deliver, and one count of transportation of a controlled substance into the State of West Virginia. The State of West Virginia, by counsel Derek A. Knopp, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying his motions for judgment of acquittal made at the end of the State's case-in-chief and at the conclusion of the evidence;[1] (2) allowing the confidential informant ("CI") to testify at trial about cellular telephone calls he made when the State failed to inspect or test the cellular telephones recovered by police or to provide them to petitioner to inspect or test; (3) refusing petitioner's "missing evidence" jury instruction regarding the cellular telephones recovered; and (4) granting petitioner only thirty-three days credit for time served at the time of his sentencing hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, petitioner, who was at that time on parole for a prior criminal conviction, and two other individuals were arrested and incarcerated in relation to an illegal drug transaction in Fayette County, West Virginia. Petitioner remained incarcerated throughout the

---

[1]Although petitioner refers to his motions as "motions to dismiss[,]" Rule 29 of the West Virginia Rules of Criminal Procedure provides for "motions for judgment of acquittal[.]" Therefore, we refer to petitioner's motions in his first assignment of error as motions for judgment of acquittal.

1

proceedings below on charges related to the drug transaction and on a subsequent parole revocation.

In May of 2014, the Fayette County grand jury indicted petitioner and two co-defendants on one count of felony conspiracy, in violation of West Virginia Code § 61-10-31; one count of delivery of a controlled substance, in violation of West Virginia Code § 60A-4-401(a); one count of possession of a controlled substance with the intent to deliver, in violation of West Virginia Code § 60A-4-401(a); and one count of transportation of a controlled substance into the State of West Virginia, in violation of West Virginia Code § 60A-4-409.

In August of 2014, at a pre-trial hearing, petitioner moved for a jury trial in the May term of court, and the circuit court granted that motion. The circuit court granted continuances for both of petitioner's co-defendants.

In September of 2014, petitioner's jury trial commenced. A confidential informant ("CI") testified for the State that he called petitioner and a co-defendant on November 17, 2013, to arrange a drug transaction. According to the CI, petitioner agreed to transport controlled substances from the State of South Carolina to the CI's house in Fayette County, West Virginia. Law enforcement officers testified that they stationed an undercover officer with a recording device and controlled buy money at the CI's house prior to petitioner's arrival on November 17, 2013. Petitioner proceeded to transport controlled substances in his vehicle from South Carolina to West Virginia with his co-defendants. When petitioner arrived at the CI's house in his vehicle with his co-defendants, a co-defendant and the undercover officer exchanged the controlled substances for the controlled buy money while petitioner and another co-defendant were present. The undercover officer testified that, during the transaction, petitioner stood in "a defensive stance, just kind of like he was there to watch, to observe, make sure everything was—nothing happened."

When the transaction was complete, the undercover officer shook hands with petitioner and his co-defendants, who were arrested upon leaving the CI's house. Further testimony revealed that petitioner had some cash and a cellular telephone on his person, but that he had nothing of evidentiary value. All of the controlled buy money, a magazine clip to a firearm, a cellular telephone, and additional controlled substances in a prescription bottle were located on the co-defendant who made the exchange with the undercover officer. The prescription bottle had the co-defendant's name on its label and was filled in Florence, South Carolina. At the close of the State's case-in-chief, petitioner made a motion to dismiss based on a lack of evidence, which the circuit court denied.

Petitioner testified on his own behalf. He denied that he received any telephone calls from the CI and denied discussing selling pills with his co-defendants at any time. After petitioner rested his case-in-chief, he again made a motion to dismiss for lack of evidence, which the circuit court again denied. Thereafter, petitioner tendered to the circuit court the following "missing evidence" instruction:

DEFENDANT'S INSTUCTION [sic] NUMBER 1

2

If you find that the State has lost, destroyed or failed to preserve any evidence whose contents or quality are material to the issues in this case, then you may draw an inference unfavorable to the State which in itself may create a reasonable doubt as to the defendant's guilt.

Petitioner argued that the State's failure to properly inspect the cellular telephones prior to trial or to present records from the cellular telephones at trial constituted "missing evidence." The State, on the other hand, argued that the instruction was improper because the evidence was not lost, destroyed, or unpreserved. The State suggested that petitioner could assert the State's failure to present that evidence during his closing argument. Finding no support for a claim of missing evidence, the circuit court refused petitioner's proposed "missing evidence" instruction. Following its deliberations, the jury found petitioner guilty on all counts.

In October of 2014, the circuit court held a sentencing hearing. At the conclusion of that hearing, the circuit court sentenced petitioner to a prison term of one to five years for one count of felony conspiracy; one to fifteen years for one count of delivery of a controlled substance; one to fifteen years for one count of possession of a controlled substance with the intent to deliver; and one to fifteen years for one count of transportation of a controlled substance into the State of West Virginia. The circuit court ordered those sentences to run consecutively to one another and consecutively to a separate prior conviction. The circuit court found that petitioner was entitled to thirty-three days credit for time served, noting that petitioner should not receive "double credit" for time served following his parole revocation. This appeal followed.

On appeal, petitioner first assigns error to the circuit court's denial of his motions for judgment of acquittal made pursuant to Rules 29(a) and (c) of the West Virginia Rules of Criminal Procedure. Petitioner claims that the evidence presented at trial was insufficient to establish his guilt beyond a reasonable doubt as to all four of his convictions. We have previously held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As such, we note the following:

1. "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

2. "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be

inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pts. 1 and 2, *State v. Juntilla*, 227 W.Va. 492, 711 S.E.2d 562 (2011). Moreover, this Court held in syllabus points 8 and 10 of *State v. Fortner*, 182 W.Va. 345, 387 S.E.2d 812 (1989) as follows:

> 8. Where a defendant is convicted of a particular substantive offense, the test of the sufficiency of the evidence to support the conviction necessarily involves consideration of the traditional distinctions between parties to offenses. Thus, a person may be convicted of a crime so long as the evidence demonstrates that he acted as an accessory before the fact, as a principal in the second degree, or as a principal in the first degree in the commission of such offense.

> . . .

> 10. Proof that the defendant was present at the time and place the crime was committed is a factor to be considered by the jury in determining guilt, along with other circumstances, such as the defendant's association with or relation to the perpetrator and his conduct before and after the commission of the crime.

Pursuant to West Virginia Code § 61-11-6, in every felony, "every principal in the second degree and every accessory before the fact shall be punishable as if he were the principal in the first degree; and every accessory after the fact shall be confined in jail not more than one year and fined not exceeding $500." As explained in syllabus point 5 of *Fortner*: "A person who is the absolute perpetrator of a crime is a principal in the first degree, and a person who is present, aiding and abetting the fact to be done, is a principal in the second degree."

In this case, we find that the evidence presented at trial was sufficient for a rational trier to fact to find petitioner guilty on all counts beyond a reasonable doubt. Petitioner was convicted of conspiracy of two or more persons to commit an offense in this State, delivery of a controlled substance, possession of a controlled substance with the intent to deliver, and transportation of a controlled substance into the State of West Virginia. Contrary to petitioner's argument, the evidence viewed in the light most favorable to the State showed that petitioner spoke with the CI about transporting controlled substances from South Carolina to West Virginia, proceeded to transport those controlled substances in his vehicle from South Carolina to West Virginia with two co-conspirators (his co-defendants), and was present with his co-conspirators during the drug transaction. Petitioner arrived with his co-conspirators, shook hands with the undercover officer at the conclusion of the drug transaction, and left with them.

Furthermore, while petitioner places great weight on the contention that he did not physically exchange the controlled substances for the controlled buy money, the undercover

4

officer testified that petitioner stood in a defensive stance watching the drug transaction as it occurred to ensure that "nothing happened[,]" which may be inferred to mean that he acted in aid of the transaction. Therefore, the evidence presented at trial was sufficient for a reasonable jury to find that petitioner committed these crimes, including aiding his co-defendants as a principal in the second degree in the possession with intent to deliver and delivery of controlled substances to the undercover officer. Based upon our thorough review of the record on appeal and the parties' arguments, this Court finds no error in the circuit court's denial of petitioner's motions for judgment of acquittal.

Petitioner's second assignment of error is that the circuit court allowed the CI to testify to cellular telephone calls he made to petitioner on November 17, 2013, when the State failed to inspect or test the cellular telephones recovered by police or to provide them to petitioner for his inspection. We have explained that "[o]ne of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result in the imposition of a procedural bar to an appeal of that issue." *State v. LaRock,* 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996)(internal quotations and citations omitted); *see also Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W.Va. 692, 703, 474 S.E.2d 872, 883 (1996) (stating that "[t]he law ministers to the vigilant, not those who slumber on their rights." (internal quotations and citations omitted)); *State v. Asbury*, 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992) (stating that "[g]enerally the failure to object constitutes a waiver of the right to raise the matter on appeal."); *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) (stating that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." (internal quotations and citations omitted); W. Va. R. App. P. 10(c)(7) (providing that petitioner's argument "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.").

In this case, petitioner fails to indicate when and how he objected to the CI's testimony as to the cellular telephones or otherwise presented this issue to the circuit court. Without a noted objection below on this ground, we now find that petitioner waived this issue for appellate review. Therefore, because this issue was not properly preserved for appellate review, we refuse to consider it on direct appeal.

To the extent petitioner argues that "the failure to present said evidence [of cellular telephone records] was clearly error on the State's part[,]" petitioner fails to support his allegation with authority. Petitioner cites no law requiring the State to present evidence of cellular telephone records or other related material. Notably, petitioner does not allege that the State committed a discovery violation, pursuant to Rule 16 of the West Virginia Rules of Appellate Procedure (providing rules for discovery in criminal proceedings) or *Brady v. Maryland*, 373 U.S. 83 (1963) (regarding the government's obligation to disclose exculpatory and impeachment evidence). To the contrary, he admits that he knew of this material prior to trial, and he admits in his brief to this Court "that he was aware before trial began that the State was not presenting the phones into evidence." Further, while petitioner asserts that the cellular telephones "were not provided" to him for inspection prior to trial, he does not claim to have

requested and been denied access to such an inspection. As such, we find no merit to his claim that the State committed error in failing to present evidence related to the cellular telephones.

Petitioner next argues that the circuit court erred in refusing to give the jury his "missing evidence" instruction related to the cellular telephones recovered by police. We have held that "[a]s a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion." Syl. Pt. 1, in part, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996). Contrary to the express language in his proposed "missing evidence" instruction, petitioner admitted at trial and now admits before this Court that the State, in fact, had possession of these cellular telephones. Therefore, they were not lost, destroyed, or unpreserved. Given the clear indication in the record on appeal that these cellular telephones existed at the time of trial, although the State chose not to present their contents as evidence, the circuit court did not abuse it discretion in refusing to give the proposed instruction. We find no abuse of discretion by the circuit court in refusing to give an instruction on whether the State "lost, destroyed or failed to preserve any evidence" when it is clear that the evidence at issue was not lost, destroyed, or unpreserved.

Petitioner's fourth and final assignment of error is that the circuit court erred in granting him only thirty-three days of presentence credit for time served when he was incarcerated from his arrest in November of 2013 until his sentencing hearing in October of 2014, which he claims entitles him to 348 days of presentence credit for time served. "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). In this case, the record is clear that petitioner was arrested in November of 2013, and he admitted violating his parole on an unrelated conviction thirty-three days following that arrest. Petitioner remained incarcerated throughout the proceedings below for his parole revocation on that unrelated conviction in addition to the underlying charges. Despite petitioner's argument that he is entitled to time served regardless of his unrelated conviction, this Court has previously held that criminal defendants are not entitled to credit for time served in similar situations. *See State v. Wears*, 222 W.Va. 439, 445, 665 S.E.2d 273, 279 (2008) (denying defendant's request for credit for time served between State's voluntary dismissal of indictment and defendant's reindictment because he remained in custody serving time on unrelated charges); *Echard v. Holland*, 177 W.Va. 138, 144, 351 S.E.2d 51, 57 (1986) (incarcerated defendant not entitled to credit for time served for offense committed after imposition of sentence on prior crime.). Therefore, petitioner is not entitled to a credit on his underlying sentence for time served on an unrelated conviction. As such, the Court finds no error in the circuit court award of credit for time served.

For the foregoing reasons, the circuit court's November 5, 2014, order, is hereby affirmed.

Affirmed.

**ISSUED: November 23, 2015**

6

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II